United States District Court
Southern District of Texas
**ENTERED**
March 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADRIAN JULIAN BOUTTE, (TDCJ–CID #2249492) Petitioner, | § § § § § § | CIVIL ACTION NO 4:22-cv-01921 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| BOBBY LUMPKIN, Respondent. | § § § | |

OPINION AND ORDER
DENYING MOTION TO STAY

The motion by Petitioner Adrian Julian Boutte to stay this case until he exhausts additional claims is denied. Dkt 49.

His motion to expand the record is granted. Dkt 47.

His motion for evidentiary hearing is denied. Dkt 43.

1. Background

Petitioner was charged by indictment with the theft of eighty truck wheels, with the value of at least $20,000 but less than $100,000, enhanced by two prior habitual-offender enhancement paragraphs. Dkt 38-22 at 5–7. Petitioner pleaded guilty to enhanced felony theft before the 506th Judicial District Court of Grimes County, Texas in cause number 17425. Dkt 38-22 at 22–23. In June 2015, the trial court deferred adjudication of guilt and placed him on deferred adjudication for five years.

In May 2017, the State filed a motion to adjudicate guilt based on two alleged violations of deferred-adjudication probation conditions, upon allegation that he (i) committed an offense in Louisiana and failed to report

to his probation officer within forty-eight hours of his arrest on February 7, 2017, and (ii) failed to pay supervision fees. Dkt 38-22 at 35–36. Boutte pleaded *not true* to the allegations. Id at 32; Dkt 38-1 at 6–7. At the deferred-adjudication probation revocation hearing in February 2019, the trial court found by a preponderance of the evidence that the State proved the first allegation. Dkt 38-22 at 32–34; Dkt 38-1 at 71–72. The trial court adjudicated him guilty and sentenced him to a prison term of forty years. Ibid.

The Fourteenth Court of Appeals affirmed the judgment in August 2020. *Boutte v State*, No 14-19-00215-CR, mem op (Tex App—Houston [14th Dist] 2020, pet refd). The Texas Court of Criminal Appeals refused his petition for discretionary review in December 2020. *In re Boutte*, PD No 0891-20, 2020 Tex Crim App Lexis 1058 (Tex Crim App Dec 16, 2020).

Petitioner filed a state application for writ of *habeas corpus* challenging the adjudication of guilt on December 28, 2021. Dkt 38-22 at 45–60. It was denied without written order on March 9, 2022. Dkt 38-27 at 1.

Petitioner filed a federal petition on June 3, 2022. Dkt 1 at 15. He reasserted his claims in an amended petition on August 23, 2022. Dkt 16 at 15.

Petitioner proceeds here *pro se*. His claims are difficult to decipher, and many of them appear to overlap or repeat. He appears to assert that his conviction is void for several reasons as summarized here and specified further below:

    i.    Ineffective assistance of counsel for:
        a.  [claims 1–4, 6] failing to investigate (Dkt 1 at 5–10, 18–19; Dkt 16 at 5–10, 18–19); and
        b.  [claim 11] failing to file a motion to suppress statements made by Petitioner (Dkt 1 at 28–29; Dkt 16 at 28–29);

    ii.   Trial court error for:
        a.  [claim 5] adjudicating guilt despite insufficient evidence that he violated his deferred-adjudication probation (Dkt 1 at

      16–17; Dkt 16 at 16–17);

  b. [claim 14] adjudicating guilt by finding that Petitioner violated the first condition of his probation, which was "vague and indefinite" as to violate due process (Dkt 1 at 34; Dkt 16 at 34);

  c. [claims 7 and 10] overruling counsel's objections (Dkt 1 at 20–21, 26–27; Dkt 16 at 20–21, 26–27); and

  d. [claims 8 and 9] applying the enhancement paragraphs to Petitioner's sentence (Dkt 1 at 22–25; Dkt 16 at 22–25);

iii. [claims 12 and 17] Prosecutorial misconduct for suppressing exculpatory evidence (Dkt 1 at 30–31, 40–41; Dkt 16 at 30–31, 40–41);

iv. [claim 13] Error by the Texas Court of Criminal Appeals on petition for discretionary review, for dismissing Petitioner's motion for rehearing as untimely (Dkt 1 at 32–33; Dkt 16 at 32–33);

v. [claim 15a and 15b] The motion to adjudicate guilt violated the Fourth Amendment because there was no probable cause for his arrest (Dkt 1 at 36–37; Dkt 16 at 36–37), and violated due process because he wasn't formally charged with the crime for which he was arrested (Dkt 1 at 36–37; Dkt 16 at 36–37); and

vi. [claim 16] Error by the Texas Court of Criminal Appeals for denying relief on state *habeas corpus* (Dkt 1 at 38; Dkt 16 at 38).

Petitioner asserts that the following claims are unexhausted:

i. Appellate counsel rendered ineffective assistance by not informing Petitioner that his conviction had been affirmed in August 2020, and Petitioner didn't know of his right to file a petition for discretionary review;

3

  ii. He was never formally charged with a new offense in Louisiana, and those charges were dismissed and can't be relitigated in a motion-to-adjudicate-guilt hearing;

  iii. He was denied a preliminary hearing to determine probable cause, and he was entitled to a preliminary hearing before proceeding to a final revocation hearing; and

  iv. Trial Judge McKay failed to consider alternatives before sentencing him to forty years.

Dkt 49 at 1–2.

 Petitioner moves to stay and abate these federal *habeas corpus* proceedings so that he can return to state court to present the unexhausted claims. Ibid.

  2. Legal standard

 A state prisoner must exhaust available state remedies before seeking federal *habeas corpus* relief, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. See 28 USC §2254(b)(1) (explaining that *habeas corpus* relief may not be granted "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"); *Baldwin v Reese*, 541 US 27, 29 (2004); *O'Sullivan v Boerckel*, 526 US 838, 842 (1999). A petitioner satisfies the exhaustion requirement when he presents the substance of his *habeas corpus* claims to the state's highest court in a procedurally proper manner before filing a petition in federal court. *Baldwin*, 541 US at 29; *Morris v Dretke*, 379 F3d 199, 204 (5th Cir 2004).

 In Texas, the Court of Criminal Appeals is the highest court for criminal matters. *Richardson v Procunier*, 762 F2d 429, 431 (5th Cir 1985). Thus, a Texas prisoner may only satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals, in either a petition for discretionary review or a state *habeas corpus* proceeding pursuant to Texas Code of Criminal Procedure article

11.07, which by its terms states that it "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." See *Tigner v Cockrell*, 264 F3d 521, 526 (5th Cir 2001); *Alexander v Johnson*, 163 F3d 906, 908–09 (5th Cir 1998).

If a state prisoner presents unexhausted claims on federal petition for *habeas corpus*, the federal district court may dismiss the petition. *Whitehead v Johnson*, 157 F3d 384, 387 (5th Cir 1998), citing 28 USC §2254(b)(1)(A); *Rose v Lundy*, 455 US 509, 519–20 (1982). If a state prisoner presents a "mixed petition" containing both exhausted and unexhausted claims, the federal district court may stay the proceedings or dismiss the petition without prejudice to allow the petitioner to return to state court and exhaust his claims. *Rhines v Weber*, 544 US 269, 278 (2005); *Pliler v Ford*, 542 US 225, 227 (2004). A federal district court's denial of a stay and abeyance is reviewed for abuse of discretion. *Williams v Thaler,* 602 F3d 291, 309 (5th Cir), *cert denied,* 562 US 1006 (2010).

Although the Anti-Terrorism and Effective Death Penalty Act of 1996 didn't deprive district courts of the authority to stay proceedings, the statute did circumscribe their discretion by requiring that the decision to issue a stay be compatible with the purposes of the AEDPA. See 28 USC §2241, *et seq*. Thus, a stay is available "only in limited circumstances." *Rhines*, 544 US at 277. Specifically, in order to grant a stay of the proceedings, the Supreme Court holds that (i) the district court must determine that "there was good cause for the petitioner's failure to exhaust his claims first in state court," (ii) regardless of good cause, an abuse of discretion would occur if the district court granted a petitioner a stay "when his unexhausted claims are plainly meritless," and (iii) a stay shouldn't be granted "if a petitioner engages in abusive litigation tactics or intentional delay." Id at 277–78. A "stay and abeyance should be available only in limited circumstances." Id at 277. Courts must be cautious about granting motions to stay as they "undermine[ ] AEDPA's

goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Ibid.

If a petitioner fails to properly raise the claims in his prior state *habeas* proceedings as required by 28 USC §2254(b)(2), they are subject to dismissal as unexhausted and procedurally defaulted under Supreme Court and Fifth Circuit precedent. The Fifth Circuit has explained:

> Failure to exhaust state remedies and state procedural default are related but distinct concepts. If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court. But if a claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright. A claim is both unexhausted and procedurally defaulted where "the prisoner fails to exhaust available state remedies, and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred . . . ."

*Norman v Stephens*, 817 F3d 226, 231 n 1 (5th Cir 2016), quoting *Kittelson v Dretke,* 426 F3d 306, 315 (5th Cir 2005).

Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. See Tex Code Crim Proc Ann art 11.07, §4 (Vernon 2005). Article 11.07, §4 provides that the state court on *habeas corpus* may not consider the merits of or grant relief based on a subsequent application unless the application contains sufficient specific facts establishing either that (i) the claims could not have been presented in the previous application because the factual

or legal basis for the claim was unavailable at that time, or (ii) but for a violation of the United States Constitution, and by a preponderance of the evidence, no rational juror could have found the applicant guilty beyond a reasonable doubt.

Federal courts should find unexhausted claims to be procedurally barred if "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v Thompson,* 501 US 722, 735 n 1 (1991); see also *Neville v Dretke,* 423 F3d 474, 480 (5th Cir 2005) (holding unexhausted claims ineligible for stay when state court would find them procedurally barred). But a petitioner on *habeas corpus* may avoid the imposition of this bar by demonstrating a recognized exception.

The federal district court on *habeas corpus* may *deny* relief on an unexhausted or mixed claim on the merits, notwithstanding the petitioner's failure to exhaust the remedies available in state court. 28 USC§2254(b)(2). And the federal district court may *grant* relief on an unexhausted or procedurally defaulted claim only if the petitioner demonstrates cause for the default and actual prejudice arising from the default—or shows that the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman*, 501 US at 749–50; *Barrientes v Johnson*, 221 F3d 741, 758 (5th Cir 2000).

### 3. Analysis

Petitioner asserts four new claims in his current petition, which allege that (i) appellate counsel rendered ineffective assistance, (ii) he was never formally charged with a new offense in Louisiana, (iii) he was denied a preliminary hearing to determine probable cause, and (iv) Judge McKay failed to consider alternatives before imposing a forty-year sentence.

Petitioner filed a state application for writ of *habeas corpus* challenging the adjudication of guilt in December 2021. Dkt 38-22 at 60. It was denied without written order

in March 2022. Dkt 38-27 at 1. These four new claims weren't before the Texas Court of Criminal Appeals when it considered his claims on that state review of *habeas corpus*. And Petitioner doesn't explain why these claims couldn't have been presented to the state court during those original state proceedings.

There's no question on the present record that, even if Petitioner were given another opportunity to return to state court, the Court of Criminal Appeals would dismiss any application as successive pursuant to Texas Code of Criminal Procedure Article 11.07, §4. The Fifth Circuit has consistently held that, where a petitioner raises claims in federal court that haven't previously been presented to the state courts, Article 11.07, §4 of the Texas Code of Criminal Procedure would foreclose review of the claims on *habeas corpus* if presented in a successive state application, and further, that this adequate state procedural bar forecloses federal review on *habeas corpus* of the claims. For example, see, *Bagwell v Dretke*, 372 F3d 748, 755–56 (5th Cir 2004) (holding petitioner to have procedurally defaulted by failing to "fairly present" claim to state courts in his state *habeas corpus* application); *Smith v Cockrell*, 311 F3d 661, 684 (5th Cir 2002) (holding unexhausted claims procedurally barred); *Jones v Johnson*, 171 F3d 270, 276–77 (5th Cir 1999) (same). Any new claims that Petitioner wishes to present would therefore be procedurally defaulted. See *Keeney v Tamayo–Reyes*, 504 US 1, 8–10 (1992) (holding that unexhausted claim is procedurally defaulted for federal *habeas corpus* proceedings if claim would now be procedurally barred by state court); *Martinez v Johnson*, 255 F3d 229, 239 (5th Cir 2001) (same).

Petitioner has made no attempt to demonstrate cause and prejudice for his failure to raise these four new claims in state court in his state application filed on December 28, 2021. Nor has he made any attempt to demonstrate that dismissal of these claims now would result in a "fundamental miscarriage of justice." Consequently, because the new claims were clearly available—but not properly asserted—during his state proceedings on *habeas*

8

*corpus*, the procedurally defaulted claims are considered meritless under the *Rhines* standard. *Neville*, 423 F3d at 480 (holding that procedurally barred claim is "plainly meritless" under *Rhines*).

The motion to stay and abate these proceedings will therefore be denied.

### 4. Conclusion

The motion by Petitioner Adrian Julian Boutte to stay this case until he exhausts additional claims is DENIED. Dkt 49.

His motion for evidentiary hearing is DENIED. Dkt 43.

His motion to expand the record is GRANTED. Dkt 47.

SO ORDERED.

Signed on <u>March 20, 2024</u>, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge